ELZBIETA KURKOWSKI, ESQ.
501 Fifth Avenue, Suite #300
New York, New York 10017
Tel. (212) 983-0662

Attorney for Jerzy Mendelka, NDV Investment Company, JM Property SP z.o.o. Sp.K., and Ryna Capital Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
In re:                                                                                  Chapter 11

ROMAN SLEDZIEJOWSKI,                                               Case No.: 13-22050

                              Debtor .                                            Judge Robert D. Drain

-------------------------------------------------------------------------X

JERZY MENDELKA, NDV INVESTMENT COMPANY,
JM PROPERTY SP Z.O.O. SP.K., AND RYNA CAPITAL INC.,

                              Plaintiffs,                                       Adv. Proc. No. 13-_____(RDD)

      -against-

ROMAN SLEDZIEJOWSKI,

                              Defendant.
-------------------------------------------------------------------------X

## COPLAINT TO DETERMINE DISCHARGABILITY OF DEBT

     Plaintiffs Jerzy Mendelka, NDV Investment Company, JM Property SP z.o.o. Sp.K., and Ryna Capital Inc., by and through its undersigned counsel, brings this Complaint to Determine Dischargeability of Debt against the above-captioned debtor Roman Sledziejowski ("Defendant"), pursuant to sections 523(a)(2)(A), 523((a)(4), and 523(a)(6)(a)(6) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

### PRELIMINARY STATEMENT

     1.     This is a case of a Defendant Roman Sledziejowski, who as a broker, either individually or under his wholly own brokerage firm, TWS Financial, LLC("TWS"), during the time frame from

April 2008 until October 2012 by his actions or inactions allowed to establish and/or operate accounts on entirely fraudulent basis.

2.  FINRA filed a complaint against Defendant alleging that Defendant converted and/or misused TWSF's customers' funds as part of a fraudulent scheme. In a settlement agreement, Defendant consented to a finding that he provided false account statements to customers to conceal the fraud.

3.  On February 1st, 2013, FINRA barred Defendant from the financial industry.

## THE PARTIES

4.  Plaintiff Jerzy Mendelka: At the time of filing, Plaintiff Jerzy Mendelka is a resident of Warsaw, Poland, where he has lived most of his life.

5.  Plaintiff NDV Investment Company: At the time of filing, Plaintiff NDV Investment Company is a resident of and is incorporated in Charlestown, Island of Nevis, where it was incorporated on April 1, 2008. Plaintiff NDV Investment Company is and was always wholly owned and controlled by Plaintiff Jerzy Mendelka, who is and always was the sole shareholder.

6.  Plaintiff JM Property SP Z.O.O. SP K: At the time of the filing Claimant, JM Property SP Z.O.O. SP K, is a resident of and is incorporated in Warsaw, Poland, where it was incorporated on June 23, 2006. Plaintiff JM Property SP Z.O.O. SP K, is and was always wholly owned and controlled by Plaintiff Jerzy Mendelka, who is and always was the sole shareholder.

7.  Plaintiff RYNA CAPITAL INC. was incorporated on October 20th, 2006. Claimant RYNA CAPITAL INC. is and was always wholly owned and controlled by Plaintiff Jerzy Mendelka, who is and always was the sole shareholder.

8.  Defendant is an individual residing at 195 Evan Drive, Ossining, New York. Defendant filed a voluntary Chapter 11 petition on January 15th, 2013.

## FACTUAL ALEGATIONS

9.  Plaintiff, Jerzy Mendelka, is a native speaker of the Polish language, and does not read nor write in the English language. Prior to his investment with the Penson Financial Services, Inc., he

had never invested in the United States.

10. Plaintiff, Jerzy Mendelka, while in Poland, was introduced by a friend to Debtor, Roman Śledziejowski, an American broker of Polish descent, who was fluent in Polish. The friend represented that Mr. Śledziejowski was an excellent American broker, and that all of his clients made money. Roman Śledziejowski conducted his brokerage business through TWS of which he was the CEO and Managing Director.

11. Roman Śledziejowski wooed Plaintiff, Jerzy Mendelka, in Poland, and convinced him that he should make a substantial investment in the American market. More specifically, he convinced him that he should place substantially all of his liquid assets into a Nevis based corporation, and then through that corporation invest in Penson Financial Services, Inc. Mr. Śledziejowski explained that as a safe and effective investment strategy, an account should be established with Penson Financial Services, Inc., the deposited funds to be used as Collateral. This was represented to Plaintiff, Jerzy Mendelka, to be a safe, yet lucrative, investment. Mr. Śledziejowski also represented that the funds would never leave Penson Financial Services, Inc., until and unless Jerzy Mendelka, personally authorized such transactions.

12. In accordance with the plan presented by Roman J. Śledziejowski, Plaintiff, Jerzy Mendelka, established a Corporation in Nevis, namely Claimant, NDV Investment Company. Plaintiff, NDV Investment Company, was capitalized with funds drawn from Ryna Capital, Inc., a corporation wholly owned by Plaintiff, Jerzy Mendelka. Thereafter, Roman J. Śledziejowski was instrumental in establishing an account for Plaintiff, NDV Investment Company, with Penson Financial Services, Inc.

13. The "plan" itself was in violation of FINRA Rule 2111, as an improper short term growth investment, of FINRA Rule 3040 as a private investment without written notice and approval, of FINRA Rule 2370 as an improper extension of credit from a customer to a registered representative, and of SEC Section 506 of Regulation D in the selling of this "investment" to a non-accredited, non-qualified, investor whose level of investment expertise/experience was that of a novice.

14. At the time of the initial investment and at all times relevant hereto, Penson Financial Services, Inc., was registered as a broker dealer/clearing house with the Securities and Exchange Commission and formerly a member of FINRA, which registration and membership remained in effect until August 6, 2012, when Penson Financial Services, Inc., terminated or withdrew its membership in FINRA. Penson Financial Services, Inc. has filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Delaware on or about January 11th, 2013 under Case No. 13-10061 (PJW).

15. Penson Financial Services, Inc., at all times relevant hereto, either had no Polish speaking employees, or did not employ such employees to communicate with Plaintiff, Jerzy Mendelka, at any time whatsoever. At all times relevant hereto, no documents, written disclosures or notices were provided to Plaintiff, Jerzy Mendelka, in the Polish language.

16. Notwithstanding the intentional misrepresentations and regulatory irregularities associated with the application for creation of the Plaintiff, NDV Investment Company, the account was open at Penson Financial Services, Inc., with an initial balance of Ten Million US Dollars ($10,000,000.00). This amount was electronically transferred from Plaintiff, NDV Investment Company, to Penson Financial Services, Inc., on May 21, 2008. The initial funding payment was directed to Penson Financial Services, Inc., account no. 066600030, for the benefit of Plaintiff, NDV Investment Company, account no. 38004503. **Initial transfer confirmation** attached as **Exhibit A**. Of the above two accounts, Account no. 066600030 was a Penson Financial Services, Inc. <u>clearing account,</u> and was transferred to the <u>investment account</u> for NDV Investment Company, maintained by Penson Financial Services, Inc. Account no. 38004503.

17. More than two years later, further capitalization of the account took place on December 23, 2010, in the amount of Two Million Five Hundred Thousand Polish Zloty (zł 2,500,000.00). These funds originated from Europejska Kompania Inwestycyjna, SP Z.O.O. SP K, a company wholly owned by Claimant, Jerzy Mendelka. **Bank statement of December 23, 2010** attached as **Exhibit B**. The final

capitalization of the Claimant, NDV Investment Company, account maintained by Respondent, Penson Financial Services, Inc., was a transfer of Two Million Polish Zloty (zł 2,000,000.00) from another company Jerzy Mendelka, wholly owned, namely Plaintiff JM Property SP Z.O.O. SP K, on December 27, 2010. **Bank statement of December 27, 2010** attached as **Exhibit C**.

18. In addition to the above, Claimant, Jerzy Mendelka, on July 2, 2009, transferred funds to Penson Financial Services, Inc., in the amount of Three Million US Dollars ($3,000,000.00) from JM Property SP Z.O.O. SP K, intending that the funds be placed in the NDV Investment Company, account. The funds were borrowed from Noble Bank S.A. in Warsaw on or about June 6th, 2009.

19. However, the aforementioned 2009 funding of the Claimant, NDV Investment Company, account was never accomplished. Rather, another account was established with Penson Financial Services, Inc., account # 30013957. The establishment of this account was done entirely without authorization, documentation, or any sort of written or oral direction on the part of the Plaintiffs. Plaintiff JM Property SP Z.O.O. SP K. and Plaintiff Jerzy Mendelka, at all times were under the impression that the account established for NDV Investment Company and maintained by Penson Financial Services, Inc., under account #38004503, was being further funded. This was quite simply the creation of a rogue account within Penson Financial Services, Inc., using the Claimants' funds. **Bank Statement of July 2, 2009** attached as **Exhibit D.**

20. Prior to initial funding, on April 8, 2008, the documents opening the account for NDV Investment Company, were executed by Jerzy Mendelka with the help of Roman Sledziejowski. Claimant, Jerzy Mendelka, traveled from Poland to New York City to sign the documents in order to open the account. These documents were entirely in English. Roman Śledziejowski, who is fluent in both English and Polish, and Jerzy Mendelka, were present for the signing of the documents.

21. Since Plaintiff, Jerzy Mendelka, neither reads nor writes the English Language, Roman Śledziejowski, explained the documents to Claimant, Jerzy Mendelka prior to his signing them. Roman Śledziejowski explained to Jerzy Mendelka, that as he had proposed in the planning stages, the

documents established that the funds deposited in the Plaintiff NDV Investment Company, account would be used by Penson Financial Services, Inc., as Collateral, and that Jerzy Mendelka, would reap a return on his investment for that use. Mr. Śledziejowski also represented that the documents stated the funds would never leave Penson Financial Services, Inc. <u>Plaintiff, Jerzy Mendelka, was explained by Mr. Śledziejowski that he was establishing a non-trading account</u>. This was a fraudulent, purposeful falsehood, a perversion of truth, for the purpose of inducing Jerzy Mendelka to invest his funds in the account. This was a statement he relied upon, without which he would never have invested the funds in Penson Financial Services, Inc.

22.    None of the Plaintiffs ever gave any authority to Roman Sledziejowski or any of his companies to act on their behalf.

23.    Plaintiffs received no further written materials from Penson Financial Services, Inc., nor from any other source whatsoever in the years following the opening of the account; not one single account statement was received in the mail or otherwise.

24.    Plaintiff, Jerzy Mendelka, was led to believe that Roman J. Śledziejowski was in the employ of, and/or was the agent of Penson Financial Services, Inc., and had in those capacities, honestly translated the meaning of the account documents from the English language to the Polish language. Since nobody from Penson Financial Services, Inc., on the date of the signing of the documents was present at what was ostensibly one of their New York City offices, or thereafter spoke to Jerzy Mendelka in Polish, or provided him with the Polish translation of any document, or provided any kind of written statement of account, Plaintiff, Jerzy Mendelka, had no way of being alerted to the danger began to his investment by establishing an account with Penson Financial Services, Inc., through Roman Śledziejowski. The aforementioned documents are attached as **Exhibit E**. It is to be emphasized that Jerzy Mendelka, <u>never</u> signed paperwork that provided Penson Financial Services, Inc., or any other person or entity, with discretionary authority to transfer funds, buy or sell securities on behalf of himself, Plaintiff NDV Investment Company or Plaintiff JM Property SP Z.O.O. SP K.

25. During one of his trips to Poland, Mr. Śledziejowski, created and provided instructions how to use to Jerzy Mendelka, a website that was "password protected" to view the Claimant, NDV Investment Company, account statements over the Internet. The website was **entirely fraudulent**, and at all times presented the account as being fully funded, when in fact at some point during that time all of the monies deposited with Penson Financial Services, Inc., were already depleted. Claimants did not give Penson Financial Services, Inc., or Roman J. Śledziejowski the authority to withdraw any funds from the accounts maintained by Penson Financial Services, Inc., at any time. Therefore, the fraud that this represented is chargeable to Penson Financial Services, Inc., and Roman J. Sledziejowski. The fraud violated multiple laws and regulations, among them the anti-fraud provisions of Section 37 of the Investment Company Act of 1940, the anti-fraud and anti-forgery provisions of FINRA Rule 2020, the anti-fraud provisions of SEC Rule 10b-5, the anti-fraud interstate commerce provisions of Securities Act of 1933, Section 17.

26. Jerzy Mendelka, preserved the fraudulent financial statements contained within the web pages by printing them out for his own records. **Printout of Śledziejowski's created Website Statements of Accounts, "TWS International"**, attached as **Exhibit F.**

27. Counsel for Plaintiff, Jerzy Mendelka, obtained a printout of Statements of Accounts from TWS Financial, obtained from Apex Clearing Corporation, a legal successor to Penson Financial Services, Inc. The statements obtained from Apex Clearing Corporation, contained completely different numbers, and reflected the complete loss of all of the Claimants' funds. **Statements of Account, "TWS International", obtained from APEX** attached as **Exhibit G.**

28. Since the only point of contact provided to Jerzy Mendelka and NDV Investment Company, Penson Financial Services, Inc., was Roman Śledziejowski and the fraudulent website, Mr. Śledziejowski was able to represent to Plaintiff, Jerzy Mendelka, that the investment in the, Penson Financial Services, Inc., "collateral" account was succeeding, growing, and was ever larger as time passed.

29. Instead Plaintiffs' investment funds, contained in the two accounts, the Plaintiff, NDV Investment Company, account, and the second account opened unbeknownst to Plaintiffs, were ever shrinking. Eventually the accounts were completely depleted, "zeroed out." At present Plaintiffs do not know whether this was done by a combination of bad investment of Plaintiffs' accounts, carried out by Roman Śledziejowski under the aegis of TWS Financial Inc., in a high-risk and speculative fashion; or what is believed to be outright misappropriation of the funds by Roman Śledziejowski himself and/or by someone else.

30. Plaintiffs believe that if any statements were produced, Penson Financial Services, Inc., sent these statements to Roman J. Śledziejowski or TWS Financial Inc., rather than to the Plaintiffs.

31. It is to be emphasized that no transfer or trade from the aforesaid accounts were authorized by Plaintiffs, in any manner. During the month of January 2012 Mr Mendelka attempted to withdraw part of the funds from Penson Financial Services Inc. The request of Mr. Mendelka to transfer some of the funds was never facilitated and Mr. Sledziejowski provided numerous excuses to delay the transfer, like the existing investigation, knowing that the accounts were already depleted to zero balance. Numerous e-mails were send from Mr. Sledziejowski to Mr. Mendelka and his staff providing excuses and blaming himself for the "delay" of the funds transfer. That fact further proves the fraudulent conduct of the Defendant.

32. The deception was not discovered until October of 2012, when statements of accounts were provided by Apex Clearing Corporation. It was only discovered because Jerzy Mendelka, decided to draw on a substantial portion of the funds he thought, NDV Investment Company, had in the Penson Financial Services, Inc., account, to fund a real estate investment he had committed to in Poland. This resulted in a series of events which led to the discovery of the fraudulent transfers. By that time, the NDV Investment Company account and the account funded by transfer from Plaintiff JM Property SP Z.O.O. SP K, had been completely depleted, with a balance of "Zero." As there was no funds in the accounts, this resulted in consequential contractual damages, resulting from the inability of Claimant to

fund the new investment opportunity, which damages are yet to be completely determined, but are now approximately $1,200,000.00. To fund the second monetary transfer to Penson Financial Services, Inc., J.M. Property acquired a credit from Noble Bank S.A. in Warsaw, Poland in the amount of 12,000,000.00 Polish zloty which represents approximately $3,000,000.00 with an interest rate of 9.4% yearly. Such credit is not repaid yet, so the interest is still accruing.

33. During few meetings between Jerzy Mendelka and Roman Sledziejowski, Defendant numerous times acknowledged either he himself or TWS are responsible for the fact that Mr. Sledziejowski couldn't withdraw the funds belonging to him or his companies. The signed agreement from the meeting dated January 12th, 2012 with English translation is attached as **Exhibit H**.

34. Agreement dated September 7th, 2012 in which Roman Sledziejowski **personally** and jointly with TWS agree to pay to the order of NDV Investment Company the sum over $16,000,000.00 not later then September 7th, 2013 is attached as **Exhibit I**. Defendant filed for Chapter 11 petition and did not list any of the Plaintiff's claims in the petition.

35. On December 10th, 2008 from the Plaintiff RYNA CAPITAL INC. account, the amount of $250,000 was transferred to Innovest Holdings LLC, operating account in Ossining, NY. Bank transfer confirmation is attached as **Exhibit J**. The Innovest Holdings LLC is a company that is wholly own by Roman Sledziejowski. It was presented by Mr. Sledziejowski to Jerzy Mendelka that funds would have been credited to his account in the Bank of America. Jerzy Mendelka, upon request, was unable to withdraw the funds from the account. That was another fraudulent transaction done by Roman Sledziejowski.

36. Plaintiffs believe that because the facts in the entire case were interactive and the funds were commingled it is proper to submit one Complaint to support all claims against the Defendant.

37. On April 5th and April 6th, 2013 Plaintiffs: Jerzy Mendelka, NDV Investment Company, JM Property SP z.o.o. Sp.K., and Ryna Capital Inc. filed their Proof of Claim in this case (Claims No.: 20, 21, 22, and 23 respectively).

38. Plaintiffs reserve the right to amend /or supplement this Complaint at any time and in any manner, including, but not limited to, fixing or liquidating any claims stated herein, to specify and quantify expenses or other charges or claims incurred.

39. As a direct result of Defendant's actions and failures to act, Claimants have suffered losses of at least Twenty Million Dollars "$20,000,000.00" with interest and costs. The funds lost ultimately belong to Claimant, Jerzy Mendelka. The accounts maintained with Penson Financial Services, Inc., really represented his personal "nest egg" which took a lifetime to save and earn. These losses were entirely preventable, and would have been prevented, but for the complete and utter failure to follow normal prudent investment procedures for an investment of this kind, and multiple failures to treat the investment in accordance with industry practice, law and regulation.

40. Further, it appears that Defendant willfully ignored his fiduciary duties by unauthorized actions or inactions thereby enabling the account to be established on an entirely fraudulent basis and thereafter operating on a fraudulent basis.

41. Defendant owed Plaintiff's a fiduciary obligation to establish accounts on a non-fraudulent basis, with regulatory compliance and full disclosure, thereafter operate that account on a non-fraudulent basis, with regulatory compliance and full disclosure, to properly safeguard the funds entrusted to it, to only permit trading activity on a true trading account, and to not permit trading or transfer of funds out of the account without proper authorization from the Plaintiffs. Defendant had a duty to prevent unauthorized creation of accounts. Defendant violated all of the above duties and thereby directly caused the losses to the Claimants set out herein.

42. The violations spelled out in the letter were the same kind as to that which took place to cause Plaintiffs' investment losses with Penson Financial Services, Inc., as set out herein, eg: treating the clients funds as one's own, failing to account, failing to disclose, commingling of client funds with broker funds, failing to adequately supervise, placing the financial gain of the institution above the duty to the client, fraudulent transfers of client funds, failure to give notice, and failing to self report.

## COUNT I SECTION 523(a)(4) DEBT IS A RESULT OF MONEY DEFENDANT OBTAINED THROUGH FRAUD AND DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

43. Plaintiff repeats and allege the allegations set forth in paragraphs 1 through 42 of this Complaint as it set forth at length herein.

44. Bankruptcy Code §523(a)(4) provides, in relevant part, that a discharge under section 727, 1141, 1228(a) 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt.... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...

45. By providing false, fraudulent information as to the Plaintiff's investments Defendant has engaged in fraud or defalcation while acting in a fiduciary capacity in violation of Bankruptcy Code §523(a)(4).

## COUNT II OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. 523(a)(6)

46. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 45 of this Complaint as it set forth at length herein.

47. Section 523(a)(6) of the Bankruptcy Code excepts from discharge an individual debtor's debt for "willful and malicious injury by debtor to another entity or to the property of another entity"

48. The defendant has engaged in willful or malicious injury to another entity or to the property of another entity in violation of Section 523(a)(6) of the Bankruptcy Code.

49. Defendant intentionally transferred assets entrusted by Plaintiffs to Defendant and employed same solely for his personal enrichment and that is his debt should not be discharged.

## COUNT III 11 USC §523(a)(2)(A) – DEBT IS A RESULT OF MONEY DEFENDANT OBTAINED BY FALSE PRETENSES, MISREPRESENTATIONS, AND FRAUD

50. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 49 of this Complaint as it set forth at length herein.

51. Bankruptcy Code §523(a)(4) provides, in relevant part, that a discharge under section 727, 1141, 1228(a) 1228(b) or 1328(b) of this title does not discharge an individual debtor from any

debt.... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by... false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...

52.    Defendant has obtained money, property, or services which were obtained by false pretenses, a false representation, or actual fraud other then a statement respecting the Defendant's financial condition in violation of Section 523(a)(2)(A) of the Bankruptcy Code.

53.    Plaintiffs relied upon the actions of defendant and was induced to invest by said misrepresentations. Plaintiffs reliance was justified because they had no reason to believe that Defendant would divert Plaintiff's funds without authorization for Defendant's own uses. Further, as stated heretofore, Plaintiffs were provided false, fraudulent and fictitious statements misrepresenting Plaintiffs as to their savings.

54.    Due to Defendant's false false pretenses and misrepresentation on which Plaintiffs relied, Plaintiffs suffered extreme financial damages and as such defendant should not be granted a discharge of this debt pursuant to 11 USC §523(a)(2)(A).

55.    In light of the **obvious and egregious fraud**, misconduct, gross negligence, personal guarantees, and compliance failures, Plaintiffs respectfully submit that the claims are non-dischargeable.

### COUNT IV AN AWARD OF ATTORNEYS'FEES TO PLAINTIFFS

56.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 55 of this Complaint as it set forth at length herein.

57.    Based upon the aforesaid Defendant's acts of fraud perpetrated by Defendant upon this Court and defendant's creditors, Plaintiffs were compelled to commence the within adversary proceedings.

58.    In commencing the within adversary proceedings, Plaintiffs have incurred legal fees and costs in the amount of not less then 15,000.00.

59. Pursuant to bankruptcy Rule 7008(b), Plaintiff is entitled to recover from Defendant judgment in the amount representing compensation for Plaintiffs' legal fees and costs incurred as a result of Defendant's bad faith filing.

60. Plaintiffs are entitled to recover their attorney's fees based on the statutory provisions.

**WHEREFORE**, Plaintiffs Jerzy Mendelka, NDV Investment Company, JM Property SP z.o.o. Sp.K., and Ryna Capital Inc. respectfully requests this Court enter judgment in their favor and against Defendant and declaring this debt non-dischargeable under Bankruptcy Code §§523(a)(2)(A), 523((a)(4), and 523(a)(6) and granting Plaintiffs an award of attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 8, 2013

/s/ Elzbieta Kurkowski
ELZBIETA KURKOWSKI, ESQ.
Attorney for Claimants:
JERZY MENDELKA,
NDV INVESTMENT COMPANY,
JM PROPERTY SP Z.O.O. SP.K. and
RYNA CAPITAL INC.
501 Fifth Avenue, Suite #300
New York, New York 10017
Tel. (212) 983-0662
E-mail: elakurkow@aol.com